*538
SUMMARY ORDER

Li Hua Lin, a native and citizen of the People’s Republic of China, seeks review of a December 19, 2008 order of the BIA, affirming the December 5, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Li Hua Lin, No. A079 261 007 (B.I.A. Dec. 19, 2008), aff'g No. A079 261 007 (Immig. Ct. N.Y. City Dec. 5, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We “defer to ... an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin, 534 F.3d at 167. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii).
Substantial evidence supports the agency’s adverse credibility determination. The IJ properly relied on omissions and inconsistencies found in the record. For example, Lin omitted from her asylum application any assertion that she suffered physical abuse at the hands of Chinese officials while in detention. Similarly, Lin omitted from her application her family planning claim, adding it in a supplemental statement she submitted prior to her hearing. Although Lin offered explanations for these omissions, a reasonable fact-finder would not have been compelled to accept them. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005). Accordingly, the agency properly denied Lin’s application for withholding of removal.[1] See 8 C.F.R. §§ 208.13(b), 208.16(b)(1).
As to Lin’s challenge to the agency’s denial of her CAT claim, we have held that an applicant cannot demonstrate that she is more likely than not to be tortured “based solely on the fact that she is part of the large class of persons who have left China illegally” and on generalized evidence indicating that torture occurs in Chinese prisons. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005). Furthermore, information from friends or relatives, detailing their experiences, is insufficient to establish eligibility for CAT relief absent specific details regarding the likelihood that the applicant will face torture upon repatriation. See id., at 160. As Lin provided no basis for the IJ to conclude that she, in particular, faces a likelihood of torture, aside from testimony the IJ reasonably found not credible, substantial evidence supports the agency’s denial of Lin’s application for CAT relief. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003).
*539 For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Lin does not challenge the agency's preter-mission of her untimely asylum application.